Max M. Pullman  
vs.           }Eq.No.659,  
Peter J.Woolf

November 19, 1925

TANNER, P. J. This is a bill brought to obtain specific performance of an agreement to sell real estate and is heard upon its merits.

It is not disputed that an agreement to sell the property in question was executed, but the respondent claims that he tendered a proper deed of the property which the complainant refused to accept.

The agreement to convey agreed to convey subject to two specified mortgages on the property in question. The agreement is dated May 4, 1923,

and was to be carried out within thirty days, or sooner, at the convenience of the purchaser.

Complainant refused to accept the first deed tendered to him because he had found that there was an unexpired lease upon the premises, and also because the deed by which the respondent acquired the property was defective in not specifying the proper name of the grantor of the premises to the respondent. The defect of the name was cured by a new deed given on the 20th of June, 1923. The new deed was tendered by the respondent to the complainant on the 6th of July, 1923. The complainant refused to accept this deed because the above mentioned lease upon the premises had not been removed, also because the new deed contained an agreement that the complainant should pay the tax assessed upon the 15th day of June, 1923. There is a dispute in testimony as to whether or not the complainant declared on the 6th of July, 1923, that he didn't care anything about the existence of the lease. The testimony is evenly balanced on this subject and the burden being upon the respondent to. establish this point, we must hold that he has failed to do so.

We think the complainant was justified in refusing to accept the deed with the clause requiring him to pay the tax assessed June 15, 1923. The complainant was ready and willing to accept and pay for the deed before the taxes were assessed, and it was the fault of the respondent that he did not receive his deed before the taxes were assessed. For these two reasons we think the complainant was justified in refusing to accept the deed.

The respondent, however, moves to dismiss the bill because the complainant brought an action at law to recover damages and after waiting about a year allowed this action at law to be dismissed for failure to comply with the court's order to furnish a bill of particulars. A few days before the dismissal of the action at law, the complainant brought this bill in equity to obtain specific performance. The respondent claims that the complainant made his election to proceed at law and is, therefore, debarred from proceeding in equity.

This claim brings up for consideration two different theories of the law.

The theory favorable to the complainant is that there is no election of inconsistent remedies unless the two remedies proceed upon inconsistent theories of the fundamental right of the complainant. The most common illustration of this is where one remedy is based upon an affirmance of contract and the other remedy is based upon a disaffirmance. In the case at bar, however, in each form of action the complainant has affirmed the contract. In one action he seeks to recover damages for the breach of it and in the other he seeks to enforce the contract.

The theory faporable to the complainant is that it is sufficient for the application of the principle if the remedies themselves are inconsistent though based upon the same fundamental right.

Upon a study of the authorities we are inclined to follow the authorities which hold that there is no inconsistency of remedies where the remedies are based upon the same fundamental right. While it is true that the complainant can not both enforce the contract and recover damages for its non-fulfillment, we think it is too harsh a doctrine in a case like the present that he should not be allowed to dismiss his action for damages and pursue his action for specific performance.

The respondent, however, claims that there is a limitation to the theory which is favorable to the complainant, to the effect that if the bringing of

the suit has the result of an estoppel in pais, the complainant shall be estopped from pursuing his suit in equity for performance.

9 R. C. L. page 960, Sec. 7.

The respondent has shown that he, after the action at law was brought, expended between two and three thousand dollars in extensive repairs and improvements of the premises. He claims that he did this relying upon the election of complainant not to bring suit for specific performance but for damages only.

We think that this is a valid consideration and would constitute a valid estoppel unless the complainant can compensate the respondent for the improvements which he has made. If this were an action at law we could not give effect to this consideration, but being in equity we see no reason why we can not allow specific performance upon proper compensation to the respondent for improvements. Upon ascertaining this amount, we think the complainant is entitled to a decree of performance upon payment of the sums found due for improvements.

For Complainant: Cooney and Cooney,

For Respondent; Philip C. Joslin & Ira Marcus.